IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JACKSON | : | CIVIL ACTION |
| | : | NO. 11-4643 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

O'NEILL, J.                                                                                                                                                            March 27, 2014

## MEMORANDUM

I have before me the motion of defendants the City of Philadelphia, Commissioner Louis Giorla, Warden John P. Delaney, Correctional Lieutenant Adella Holt and Correctional Officer Damien Woodards for summary judgment and the response thereto of plaintiff William Jackson. Plaintiff, an inmate at the Curran-Fromhold Correctional Facility, brings this suit arising out of an incident on July 23, 2009 in which he alleges he suffered injuries during the course of a strip search.

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth, Eighth and Fourteenth Amendments rights to be free from excessive force, unlawful searches, and cruel and unusual punishment. Dkt. No. 5. In addition, plaintiff brings a Monell claim against the City for allegedly having an unconstitutional policy, custom or practice of condoning, and therefore encouraging, the use of excessive force on pretrial detainees, as well as an unconstitutional policy, custom or practice of failing to train the Philadelphia Prison System staff on the proper methods and protocols of searching inmates. Id. Plaintiff asserts state law intentional tort claims of assault, battery, and intentional infliction of emotional distress against Holt and Woodards. Id. Defendants assert several defenses including, failure to exhaust

available administrative remedies, failure to state a claim upon which plaintiff can recover, and qualified immunity.  Dkt. No. 7.

Plaintiff filed the present action on July 22, 2011.  Dkt. No. 1.  On December 1, 2011 I placed the matter in suspense pending resolution of criminal charges against plaintiff.  Dkt. No. 9.  My Order placing the matter in suspense required counsel for plaintiff to notify the Court when the criminal charges against plaintiff had been resolved.  Id.  Although plaintiff pled guilty on December 15, 2011 to multiple charges[1] against him arising of the July 23, 2009 incident, his counsel did not inform the Court of this fact.  On October 24, 2013—more than twenty-two months later—the City wrote the Court and requested the case be removed from civil suspense and also filed the present motion.  Dkt. Nos. 10, 11.

On November 8, 2013 the parties stipulated to an extension of time for a response to the motion (Dkt. No. 12); a further stipulation was entered into on November 26, 2013 (Dkt. No. 14); yet another was entered into on December 2, 2013 (Dkt. No. 15); thereafter I granted four motions by plaintiff for an extension of time to respond to the motion (Dkt. Nos. 16-17, 19, 21-26).  Finally, more than three months after the City filed the motion, plaintiff responded on February 4, 2014. (Dkt. No. 27).

There is little or no evidence regarding his claims in plaintiff's response.  His response contains the following footnote:

> Loren Finesmith, Esquire, co-counsel for plaintiff, drove to SCI Coal Township on February 1, 2014, to attempt to meet with the plaintiff and to prepare affidavits concerning the exhaustion of remedies issue and plaintiff's claims of excessive force and assault and battery, previous attempts to obtain affidavits having been unsuccessful.  Mr. Finesmith

---

[1] Plaintiff pled guilty to recklessly endangering Woodards, to aggravated assaulting Holt and Correctional Officer David Robinson, and to possessing a controlled substance on the day of the incident. Dkt. No. 11 at ECF pp. 1-2.

>   was not permitted to meet with the plaintiff, however, because he was
>   not on the plaintiff's visitor list and had not made special arrangements
>   to meet with the plaintiff, requirements counsel did not know existed.
>   Mr. Finesmith is continuing to attempt to obtain affidavits to
>   supplement this response if permitted to do so.

Id. at ECF p. 4.  Plaintiff's counsel attempted to make his visit on February 1, 2014, three days before he filed the response.

Counsel for plaintiff explains the lack of evidence by stating "this matter was placed in deferred status before even a scheduling order was entered, so plaintiff has had no opportunity to gather evidence."  Id. at ECF p. 5; see id. at ECF pp. 9, 10-11, 13.  I find this explanation to be frivolous.  Counsel for plaintiff has represented plaintiff since the filing of his complaint.  He has had more than three months to seek relevant discovery since defendants' filing of the motion but has not done so.  If counsel needed a scheduling Order, he could have applied to the Court for one but he did not; in any event one was not required.

Counsel for plaintiff obviously has neglected this case but I do not wish to penalize Mr. Jackson for the omissions of his counsel.  I will grant both counsels ninety days within which to conduct discovery.[2]

An appropriate Order follows.

---

[2] A document attached to the response to the motion, purporting to be a copy of an appeal handed by plaintiff to Major May on November 3, 2009 (Dkt. No. 27-2), may create an issue of fact as to whether plaintiff has exhausted his administrative remedies.  Plaintiff's counsel should produce evidence regarding this issue.  Defendants have not replied or addressed the issue of the alleged appeal handed to Major May.